```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Robert Evans, et al.,           :

    Plaintiffs,             :

    v.                      :       Case No. 2:08-cv-794

Board of Education              :       JUDGE MARBLEY
Southwestern City School
District, et al.,               :

    Defendants.             :

<u>ORDER</u>

This case is before the Court to consider plaintiffs' motion for leave to file an amended and supplemental complaint. Defendants oppose the motion, and it is now fully briefed. For the following reasons, the motion will be granted.

I.

In their initial complaint, plaintiffs, each of whom is the parent of a school-age child, claim that their minor daughters were continually subjected to sexual harassment and advances by other middle school students culminating in an actual sexual assault, and that the defendant school officials took no steps to protect them or to curtail the offensive conduct. The events described in the complaint allegedly occurred during the 2007-2008 school year.

Plaintiffs seek both to amend their initial allegations and to include additional allegations about events which occurred later. They seek to join two new parties, an assistant principal and the school district's superintendent, and to add a federal due process claim. One of the plaintiffs, Robert Evans, also claims that his daughter's rights were again violated in an incident which occurred in October, 2008, several months after this case was filed. Defendants oppose the amendments by arguing

that some of the amended claims are simply repetitive, that the proposed amended complaint does not plead some of the claims with the required level of specificity, and that any proposed Title IX claim against individual defendants fails as a matter of law.

II.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires."  The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires."  In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir.1986)).  See also Moore v. City

of Paducah, 790 F.2d 557 (6th Cir.1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

### III.

The Court first notes that certain portions of the motion for leave to amend and supplement are not opposed. Specifically, defendants have not argued that plaintiffs may not assert their supplemental claims against the existing defendants. Thus, the Court need not consider that question further. Further, plaintiffs concede that the individual defendants cannot be held

-3-

liable under Title IX, so the Court does not need to address defendants' argument that such claims would be futile as a matter of law. Finally, the Court does not believe that the assertion that some of the claims in the amended complaint are repetitive or duplicative of claims in the original complaint carries any weight. If an amended complaint is filed, it supersedes the original complaint in all respects, so there is no difficulty presented by repetition of claims in an amended complaint; in fact, if claims appearing in the original complaint were not repeated in the amended complaint, it might well be concluded that they have been dropped from the case.

IV.

Defendants oppose the addition of claims against the two new defendants, Superintendent Wise and Assistant Principal Adams, on the grounds that those claims are "mere conclusory allegations of unconstitutional conduct without any specific factual basis." Defendants note that the claims against these two new defendants are "lumped together" with the claims against the two existing defendants, Principal Smathers and Director Malainy, and that the actions of each individual defendant are not specified. Relying on, *inter alia*, Terrance v. Northville Regional Psychiatric Hospital, 286 F.3d 834 (6th Cir. 2002) and Chapman v. City of Detroit, 808 F.2d 459 (6th Cir. 1986), defendants argue that when public officials are sued in their individual capacities under 42 U.S.C. §1983, the complaint must detail each defendant's actions which allegedly violated the constitutional rights of the plaintiff - in other words, such claims must be pleaded "with particularity." See Terrance, 286 F.3d at 842.

The Court first notes that the language which defendants quote from Terrance is *dictum*. No claim in that case was dismissed because it was not pleaded with particularity; rather, as the court noted, "[t]he key issue in this case is whether

summary judgment was appropriate." Id. Chapman, however, did affirm the dismissal of certain claims because they had not been pleaded with the required level of specificity. In their reply, plaintiffs argue that in light of subsequent decisions from the United States Supreme Court, Chapman is no longer good law.

Neither the Supreme Court nor the Court of Appeals for this Circuit has been overly sympathetic to the argument that the courts can and should construct heightened pleading standards which do not appear in the Federal Rules of Civil Procedure. On numerous occasions in the past twenty years, the Supreme Court has invalidated such requirements. See Jones v. Bock, 549 U.S. 199 (2007) (no heightened pleading standard for exhaustion of claims under the Prisoner Litigation Reform Act); Swierkiewicz v.Sorema N. A., 534 U.S. 506 (2002) (no heightened pleading standard applicable to employment discrimination cases); Crawford-El v. Britton, 523 U.S. 574 (1998) (no heightened pleading standard for officials' state of mind in §1983 litigation); Leatherman v. Tarrant co. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993) (no heightened pleading standard for §1983 claims against municipalities). As the Jones v. Bock court stated, 549 U.S. at 212, "we have explained that courts should generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns."

In Goad v. Mitchell, 297 F.3d 497 (6th Cir. 2002), the Court of Appeals rejected similar requirements and cited with approval decisions from a number of other circuits which "held that *Crawford-El* invalidates heightened pleading requirements for civil rights plaintiffs in which the defendant raises the affirmative defense of qualified immunity." Id. at 502. See also Judge Aldrich's well-reasoned opinion in Bell v. City of Cleveland, 548 F.Supp. 2d 444 (N.D. Ohio 2008). In light of these authorities, it is indeed questionable whether plaintiffs

need satisfy any standard other than the one expressed in Fed.R.Civ.P. 8(a), which is to provide a short and plain statement of their claim for relief.

Even if some additional pleading standard applies here, however, the Court believes that the proposed amended complaint comes close enough to satisfying such a standard to allow it to be filed. Defendants are always free to file a motion to dismiss if they believe it does not satisfy the appropriate standard which would apply to a 12(b)(6) motion, and if they believe they cannot frame a responsive pleading, they may move for a more definite statement.

V.

Based on the foregoing, the plaintiffs' motion for leave to file an amended and supplemental complaint (#10) is granted. Plaintiffs shall file a complaint that conforms in substance to the one attached to the motion, but which does not plead any Title IX claims against individual defendants, within ten days.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp

United States Magistrate Judge