**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT EVANS, et al.,** | : | Case No. 2:08-cv-794 |
| **Plaintiff,** | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | **MAGISTRATE JUDGE KEMP** |
| **BOARD OF EDUCATION SOUTHWESTERN CITY SCHOOL DISTRICT, et al.** | : | |
| **Defendant.** | : | |

## OPINION & ORDER

## I. INTRODUCTION

This matter is before the Court on Defendants Paul Smathers and the Board of Education of Southwestern City School District's (together "Defendants") Motion to Strike and Objection to Plaintiffs' Expert Evidence (Doc.78), Plaintiffs Robert Evans ("Evans") and Toyna Riffe's ("Riffe", and together with Evans "Plaintiffs") Motion to Strike Exhibit A to Defendants Reply to Motion for Summary Judgment (Doc. 81), and Evans's Motion to Strike Uncertified Documents Appended to Defendants' Summary Judgment Filings and for Order Striking Argument in Defendants' Reply (Doc. 82). For the reasons set forth below, this Court **DENIES** Defendants' Motion to Strike Plaintiffs' Expert Evidence, **DENIES** Plaintiffs' Motion to Strike Exhibit A, and **STAYS** Evans's Motion to Strike the Uncertified Documents and Related Arguments, and Defendants will be provided 14 days to authenticate the records.

## II. BACKGROUND

On December 31, 2009, Defendants' filed their Motion for Summary Judgment, and attached, under seal, a transcript of the suspension hearing of L.E. and various documents and letters

related to the suspension hearing. On January 22, 2010, Plaintiffs filed their Response in Opposition to Defendants' Motion for Summary Judgment ("Response in Opposition"). With their Response in Opposition, Plaintiffs filed an Appendix in Support, containing, among other things, the Rule 26 Report of Ms. Jennifer Dorn, M.ED., L.P.C.C. On February 16, 2010, Defendants filed their Reply in Support of the Motion for Summary Judgment.

The parties subsequently filed the three Motions to Strike, which are now pending before this Court. Defendants' Motion to Strike and Objection to Plaintiffs' Expert Evidence asks this Court to strike any and all evidence and reference to the opinions of Ms. Dorn based on an agreement between the parties to postpone any experts depositions until after the Motion for Summary Judgment has been decided. Plaintiffs' Motion to Strike Exhibit A asks this Court to strike a disciplinary record dated February 2008 that Defendants rely upon in their Reply. Plaintiffs contend that the record was not identified or produced in discovery. Evans's Motion to Strike the Uncertified Documents and Related Argument asks this Court to strike various documents that Defendants appended in support of their Motion for Summary Judgment. Evans argues that the documents are not authenticated in violation of Federal Rule of Civil Procedure 56(e). Furthermore, Evans argues that Defendants violated local rule 7.2(d) by addressing the documents for the first time in their Reply.

### III. LAW & ANALYSIS

**A.    Defendants' Motion to Strike Expert Opinion/Report of Ms. Jennifer L. Dorn, M.ED., L.P.C.C.**

On January 22, 2010, Plaintiffs filed their Response in Opposition and Appendix in Support ("Appendix"). The Appendix includes the Declaration of Ms. Jennifer L. Dorn, M.ED., L.P.C.C. and Ms. Dorn's Rule 26 Report for L.E., both relied upon in support of the Response in Opposition.

2

(*See* APX000139-40; APX000141-49). Defendants move this Court to strike any and all evidence and reference to the opinions of Ms. Dorn based on an agreement between the parties to postpone any experts depositions in this case. Defendants contend that the parties agreed to postpone the expert depositions based upon an understanding that the expert reports would not be used in the summary judgment phase of this case. In support of this contention, Defendants have attached the parties' correspondence to their Motion to Strike.

The correspondence, however, suggests the parties agreed to postpone the experts' depositions based on the limited time available in the discovery period, and not because of an understanding that the reports were not going to be used in the summary judgment phase of the case. (Doc. 78 at p. 4 ("Given how late we are getting in the discovery period, I'd like to arrive at an agreement whereby we would defer …[the] deposition[s]…until after summary judgment.")). Furthermore, the correspondence suggests that the parties did intend for the experts to produce Rule 26 reports. Plaintiff's letter to Defendant's counsel states, "[h]owever, we do expect Defendants' expert to produce a Rule 26 report before the discovery cut-off date." (Doc. 78 at p. 6).

Accordingly, this Court **DENIES** Defendants' Motion to Strike and Objection to Plaintiffs' Expert Evidence.

### B. Plaintiffs' Motion to Strike Exhibit A

Plaintiffs move this Court to Strike Exhibit A, which is a disciplinary record dated February 2008. Plaintiffs contend that Exhibit A was not identified or produced in discovery, neither as a supplemental disclosure pursuant to Fed R. Civ. P. 26, nor in response to Plaintiffs' Request for Production of Documents. Plaintiffs explain that "[t]he untimely and inappropriate submission of this document denies Plaintiffs' counsel any opportunity to prosecute discovery on it." (Doc. 81, at 2). Defendants claim that Plaintiffs' contention that "this document was never identified nor

produced in discovery is simply not true". (Doc 83 at 2). Defendants point to the school district's response to Plaintiffs' public record request, in which Plaintiffs received copies of Exhibit A.

The Court finds that even if Defendants technically violated Fed R. Civ. P. 26, striking Exhibit A is not warranted because Defendants' violation is harmless. Fed R. Civ. P. 37(c)(1) states, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." Fed. R. Civ. P. 379(c)(1) (emphasis added). Plaintiffs have had Exhibit A in their possession since August 2007. Plaintiff had sufficient opportunity to "prosecute discovery on it." (Doc. 81, at 2). Furthermore, the record in question is a public record, and Plaintiffs specifically requested the document through a public records search. The documents were equally available to all parties. *See Tdata Inc. v. Aircraft Tech. Publrs.*, No. 2:04-CV-1072, 2007 U.S. Dist. Lexis 8880, *6-7 (S.D. Ohio Feb. 05, 2007) (discussing the support for the proposition that there is no discovery obligation to produce documents in the public record that are equally available to both parties). Plaintiffs were not prejudiced by Defendants alleged failure to identify and produce Exhibit A.

Accordingly, this Court **DENIES** Plaintiffs' Motion to Strike Exhibit A to Defendants' Reply to Motion for Summary Judgment.

### C. Evans's Motion to Strike Uncertified Documents and Related Argument

Lastly, Evans moves this Court to strike various documents that Defendants rely upon in making their issue preclusion argument[1]. Defendants attached these documents to a transcript of the

---

[1] These documents include the following: South-Western City Schools Notice of Intent to Suspend, Letter from the Hearing Officer confirming the Suspension/Expulsion Hearing, Letter from the Hearing Officer rescheduling the Suspension/Expulsion Hearing, Letter from Toki M. Clark, Esq. to Laura G. Anthony, Esq., Fax from Evans to the Hearing Officer, Evans's letter to the Hearing Officer to put her on notice of his intent to appeal the suspension, Hearing Appeal Form, and the Hearing Officer's Findings. (*See* Doc. 64-1, #1117-1125).

4

suspension hearing, and filed them under seal along with their Motion for Summary Judgment. Evans moves to strike because the documents were appended "without any authentication or certification" in violation of Federal Rule of Civil Procedure 56(e). Furthermore, Evans argues that Defendants violated local rule 7.2(d) by addressing these documents for first time in their Reply.

Federal Rule 56(e) requires that evidence submitted in opposition to a motion for summary judgment must be admissible. Fed. R. Civ. R. 56(e). Because unauthenticated documents are inadmissible under the Federal Rules of Evidence, the Sixth Circuit has repeatedly held that unauthenticated documents do not meet the requirements of Rule 56(e). *Alexander v. Caresource*, 576 F.3d. 551, 558-59 (6th Cir. 2009); *See also David A. Flynn, Inc. v. GMAC*, 345 Fed. Appx. 974, 979 (6th Cir. 2009) ("This court has repeatedly emphasized that unauthenticated documents do not meet the requirements of Rule 56(e)"); *Magnum Towing and Recovery v. City of Toledo*, 287 Fed. Appx. 442, 448 (6th Cir. 2008) ("[T]he district court properly did not consider any documents…that were unauthenticated or otherwise failed to meet the requirements of Rule 56(e)…"); *Moore v. Holbrook*, 2 F.3d, 697, 699 (6th Cir. 1993) ("This court has ruled that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded.").

The issue here is whether the attached documents were authenticated, and if not, whether striking the documents is appropriate at this time. Federal Rule of Evidence 901 states, "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that matter in question is what its proponent claims." Fed. R. Evid. 901(a). Upon review of the documents, this Court agrees with Evans that the documents have not been authenticated through affidavit or deposition testimony. This Court finds it appropriate, however, to allow Defendants additional time to authenticate the documents in

5

question. Evans does not argue that the documents are not what Defendants claim: letters and documents related to the suspension hearing. Indeed, Plaintiffs and Plaintiffs' counsel were either the author or the recipient of all of the documents.

Evans also argues that Defendants violated Local Rule 7.2(d) by addressing these documents for first time in its Reply. Local Civil Rule 7.2(d) states,

> "[w]hen proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence. Evidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition..."

Local Civ. R. 7.2(d).

District courts are not automatically obliged to strike movants' submission of new evidence on reply, even if the submissions consist of facts already available to the parties. *See Seay v. TVA*, 339 F.3d. 454, 481-82 (6th Cir. 2003); *Brantley v. Cinergy Corp.*, No. C-1-01-378, 2006 U.S. Lexis 8377, *7-8 (S.D. Ohio Feb. 9, 2006). The Court may allow the submission, or in this case the discussion, "if—as Local Rule 7.2(d) requires—it is limited to facts intended to rebut Plaintiffs' specific allegation in the opposition to summary judgment. *Id.*

The evidence in question was submitted with Defendants' Motion for Summary Judgment; however, Defendants did not cite or address the specific documents in their Motion. (*See* Doc. 43 at 27 ("A copy of the suspension hearing transcript, which was prepared by Plaintiffs, has been filed with the Court under seal")). In their Response in Opposition, Plaintiffs state, "there are no 'findings of fact' in the Board suspension record, nor any evidence of what exactly the standard was, if any, in the Board's upholding of Principal Smathers's decision." (Doc. 67 at p. 29). This Court finds that in its Reply, Defendants discussed and cited to the documents to rebut Plaintiffs conclusion that there were no findings of fact in the suspension record.

6

Accordingly, this Court **STAYS** Evans's Motion to Strike the Uncertified Documents and Related Arguments, and Defendants will be provided 14 days to authenticate the records.

## V. CONCLUSION

For the foregoing reasons, this Court **DENIES** Defendants' Motion to Strike Plaintiffs' Expert Evidence, **DENIES** Plaintiffs' Motion to Strike Exhibit A, and **STAYS** Plaintiffs' Motion to Strike the Uncertified Documents and Related Arguments, and Defendant will be provided 14 days to authenticate the records.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: April 29, 2010**