IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT EVANS, et al., | : | CASE NO. 2:08-cv-794 |
| Plaintiffs, | : | JUDGE MARBLEY |
| vs. | : | MAGISTRATE JUDGE KEMP |
| BOARD OF EDUCATION SOUTHWESTERN CITY SCHOOL DISTRICT, et al. | : | |
| Defendants. | : | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO IDENTIFY REBUTTAL EXPERT (DOC. 97)**

Now come Defendants Southwestern City Schools Board of Education and Principal Paul Smathers, by and through counsel, and oppose Plaintiffs' Motion for Leave to Identify a New Expert. For the reasons that follow, Plaintiffs' Motion should be denied in all respects.

Respectfully submitted,

/s/ *JOHN C. ALBERT*
JOHN C. ALBERT  (0024164)
500 South Front Street, Suite 1200
Columbus, OH  43215
(614) 229-4528  FAX: (614) 229-4559
Email: jalbert@cbjlawyers.com
*Trial Attorney for Defendants Board of Education Southwestern City School District, and Paul Smathers*

OF COUNSEL:

CRABBE BROWN & JAMES, LLP
500 South Front Street, Suite 1200
Columbus, OH 43215-7631
(614) 228-5511; FAX: (614) 229-4559

372981

## MEMORANDUM IN OPPOSITION

### I. BACKGROUND.

This case has been proceeding since the filing of the Complaint on August 18, 2008. Now, one year and nine (9) months later, after the discovery deadline, after the dispositive motion deadline and oral argument on the dispositive motion, Plaintiffs retained new co-counsel, who entered an appearance and eight (8) days later wants to add a new expert. For the reasons that follow, Plaintiffs' Motion to Identify a New Expert must be denied.

### II. ARGUMENT.

The Complaint was filed on August 18, 2008, Plaintiffs being represented by three (3) different counsel. The Preliminary Pretrial Conference was held on December 9, 2008 and the Court set a primary expert disclosure deadline of May 15, 2009, with a rebuttal expert disclosure deadline of June 15, 2009. Indeed, the parties had agreed to these deadlines as indicated in their Rule 26(f) Report (Document No. 6, Item 6(g)). Discovery proceeded, and Plaintiffs were granted leave to file an Amended Complaint, based upon an additional occurrence that had taken place at the start of the 2008 - 2009 school year. The parties filed a Joint Motion to extend the case schedule as a result (Document No. 21) agreeing to new expert disclosure deadlines for Plaintiffs of July 14, 2009 and for Defendants of August 14, 2009. This is the second time Plaintiffs agreed to the expert disclosure deadlines. These new deadlines were ordered by the Court (Document No. 22).

It should be noted that in Plaintiffs' Rule 26(a)(1) Disclosure dated February 23, 2009, Plaintiffs identified as their expert Jennifer L. Dorn, M.Ed. Plaintiffs filed a Supplemental Rule 26(a)(1) Disclosure listing Lois Stepney, MSW, LISW, on August 27, 2009. At all times through discovery, Plaintiffs represented that Ms. Dorn would be their expert witness. Defendants proceeded to obtain all of Ms. Dorn's records, and any other treatment records, analyze same, and forward them

372981

-2-

to the Defendants' disclosed expert, Jeffrey Smalldon, Ph.D. The parties also agreed to extend the discovery deadline to October 30, 2009, which was also the dispositive motion deadline. The Court so ordered. (Document No. 29) At no time did Plaintiffs seek to add additional experts. At all times Defendants relied upon Plaintiffs' representations that Ms. Dorn would be their expert.

At the request of Defendants, the discovery cutoff and dispositive motion deadlines were extended one last time, both of them to December 31, 2009. (Document No. 35) However, at no time did Plaintiffs seek leave to add an additional expert or extend any expert disclosure deadlines. The parties completed discovery based upon Plaintiffs' representations for almost a year that Jennifer Dorn would be their only expert.

The case proceeded to Settlement Week on or about December 17, 2009, without success. The parties entered into settlement discussions based upon Plaintiffs' representation that Jennifer Dorn would be their only expert. Defendants also filed a Summary Judgment Motion by the December 31, 2009 deadline based upon the same representation.

As Plaintiffs note in their Motion (Document No. 97), Dr. Smalldon conducted an IME of Plaintiff L.E. This was no surprise to Plaintiffs as it was obviously scheduled with their permission. Dr. Smalldon evaluated L.E. on September 1, 2009 along with her mother who was interviewed to obtain background information. In issuing his twenty-three (23) page report, Dr. Smalldon relied upon Plaintiffs' representations that their only expert would be Ms. Dorn. Dr. Smalldon's report was forwarded to Plaintiffs' counsel on November 30, 2009. Thus, Plaintiffs have been aware of the existence of Dr. Smalldon as Defendants' expert for over a year, and have been aware of his report and opinions for seven (7) months.

In their Motion, Plaintiffs reference the fact that the parties agreed to defer discovery regarding experts until the Court rules on the pending Motion for Summary Judgment. However,

there was no agreement that Plaintiffs could add experts. The purpose of the agreement was to avoid unnecessary expert costs and expenses in deposition before it was necessary. At no time did Defendants ever agree or even imply agreement that the Plaintiffs could add experts after the passage of all expert disclosure deadlines, and the conclusion of discovery.

Plaintiffs argue since Jennifer Dorn used no test or instruments in her therapy, they should have a "second bite of the apple." Plaintiffs have been aware that Ms. Dorn is a licensed counselor and does not administer or interpret such instruments since the first day Plaintiff L.E. saw Ms. Dorn. This is not news. Plaintiffs have been aware of Ms. Dorn's qualifications, experience, and licensure status from the very beginning, yet chose to select her as their expert. Plaintiffs have also been aware of the licensure status qualifications and expertise of Dr. Smalldon since he was first selected by Defendants.

In addition, Plaintiffs' three (3) attorneys for one year and nine (9) months made the decision not to identify a rebuttal expert or any additional experts, having complete knowledge as to the qualifications of Ms. Dorn and Dr. Smalldon, as well as the tests that were conducted by Dr. Smalldon. It was only after the appearance of a new co-counsel for Plaintiffs that this request is being made.

F.R.C.P. 16(b)(4) states as follows:

> **(4) Modifying a Schedule.** A schedule may be modified only for good cause with the Judge's consent.

As indicated above, the expert disclosure deadline was previously set by agreement of the parties twice, with the approval of the Court both times. It was already extended once by agreement of the parties and with approval of the Court. Plaintiffs fail to demonstrate "good cause" to support a "third bite of the apple."

In *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003), the plaintiff attempted to amend the

372981                                     -4-

complaint. The Sixth Circuit held that "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure to seek earlier to amend before a court will consider whether amendment is proper under Rule 15(a)." *Id.* at 909. The Sixth Circuit also held that its "previous decisions suggest that the district court also is required to evaluate the prejudice to the opponent before modifying the scheduling order." *Id.*; *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). "Thus in addition to Rule 16's explicit 'good cause' requirement [the Sixth Circuit held] that a determination of the potential prejudice to the non-movant also is required when a district court decides whether or not to amend a scheduling order." *Id.*

Here, Plaintiffs have failed to demonstrate any "good cause" for their belated request. Plaintiffs point to no new information. Plaintiffs have known about the examination done by Dr. Smalldon, and the differences in the qualifications between Dr. Smalldon and Ms. Dorn for over a year. It is apparent that this Motion has resulted from the appearance of new co-counsel for Plaintiffs and his apparent input that Plaintiffs' expert may not match up well against Defendants' expert. However, such does not constitute good cause for Plaintiffs' reluctance to abide by the expert disclosure deadlines to which they jointly agreed, which the Court ordered.

Contrary to Plaintiffs' assertions, there will be undue prejudice to Defendants if Plaintiffs' request to amend the scheduling order is granted. All discovery conducted to date has been based upon Plaintiffs' representations that their expert will be Jennifer Dorn. Dr. Smalldon conducted his IME, his questioning of Plaintiff L.E. and her mother, and his review of all records, and deposition testimony in reliance upon Plaintiffs' representations. Plaintiffs belated attempt to add an expert will cause Defendants to incur additional expert costs and expenses, additional discovery costs and expenses, additional depositions, additional reviews by Dr. Smalldon, and a likely delay in the setting of a trial date in this matter.

Finally, Plaintiffs are certainly not barred from consulting with an expert so as to be able to cross-examine Dr. Smalldon on issues outside the expertise of Ms. Dorn. That decision is totally up to Plaintiffs. However, Plaintiffs should not be allowed to belatedly add a new expert, in derogation of the Court's deadlines, resulting in undue prejudice to Defendants.

### III. CONCLUSION.

For the foregoing reasons, Defendants respectfully urge this Court to deny Plaintiffs' Motion to Identify Rebuttal Expert in all respects.

                                Respectfully submitted,

                                */s/ JOHN C. ALBERT*
                                JOHN C. ALBERT (0024164)
                                500 South Front Street, Suite 1200
                                Columbus, OH 43215
                                (614) 229-4528 FAX: (614) 229-4559
                                Email: jalbert@cbjlawyers.com
                                *Trial Attorney for Defendants Board of Education*
                                *Southwestern City School District, and Paul Smathers*

OF COUNSEL:

CRABBE BROWN & JAMES, LLP
500 South Front Street, Suite 1200
Columbus, OH 43215-7631
(614) 228-5511; FAX: (614) 229-4559

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2010, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO IDENTIFY REBUTTAL EXPERT (DOC. 97)** with the Clerk of Court using the Electronic Filing System which will send notification of such filing to all counsel.

/s/  JOHN C. ALBERT
JOHN C. ALBERT (0024164)