```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Robert Evans, et al.,            :

    Plaintiffs,              :

    v.                       :       Case No. 2:08-cv-794

Board of Education              :       JUDGE MARBLEY
Southwestern City School
District, et al.,               :

    Defendants.              :

## ORDER

    Plaintiffs have moved for leave to identify a rebuttal expert.  They argue that because defendants' mental health expert, Dr. Smalldon, administered certain test instruments not given by plaintiff L.E.'s therapist, they should be permitted to use an expert to comment on the test results.  In response, defendants assert that this request is untimely because the deadlines previously established for the identification of experts have long passed, and the report about which plaintiffs seek to use a rebuttal expert was given to them on November 30, 2009.  Thus, defendants claim that they will be prejudiced by the identification of a new expert at this late date.  In reply, plaintiffs acknowledge the delay, but argue that there will be no prejudice to defendants if the expert is identified, but real prejudice to plaintiff L.E. if she is not permitted to use an expert on this issue.

    There is no dispute about the fact that the dates for naming experts have come and gone, or about the fact that the basis of plaintiffs' current request has been known to them for some time.  The key question is whether they have demonstrated good cause for the modification of the Court's Rule 16 scheduling order.

    Fed.R.Civ.P. 16(b) requires the Court, in each civil action

which is not exempt from that rule, to "enter a scheduling order that limits the time" to, inter alia, file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

    Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002). The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (see Inge, supra), a discovery cutoff date (see Commerce Benefits Group v. McKesson

Corp., 326 Fed. Appx. 2369 (6th Cir. May 20, 2009)), or a date for filing summary judgment motions (see Andretti v. Borla Performance Industries, 426 F.3d 824 (6th Cir. 2005).  It is with these standards in mind that the instant motion will be decided.

As a part of their argument on cause for the delay, plaintiffs note that the parties agreed to defer expert depositions until after the defendants' summary judgment motion was ruled on.  That ruling was made on July 20, 2010.  Defendants do not dispute that statement, but argue that the only thing deferred was the depositions of previously-named experts, and not the naming of new ones.

Given the specific facts of this case, the distinction drawn by defendants is one without a meaningful difference.  First, the Court agrees with plaintiffs that the expert they wish to identify is a true rebuttal expert, and that once it became known that Dr. Smalldon would rely on particular test results, cause existed to allow plaintiffs to identify an expert to comment on this narrow area.  Given that no expert depositions have yet been taken, and that allowing plaintiffs to name this expert now should not delay either the completion of expert discovery by any significant degree, or the setting of a trial date, the fact that they waited a number of months to make the motion has little significance.  Further, the Court is persuaded that plaintiffs would be at a disadvantage if they had no expert to testify about the test instruments and results even if, as defendants suggest, they could obtain the assistance of an expert in cross-examining Dr. Smalldon.  The two approaches to the issue are not equivalent, and there is no good reason in this case to limit plaintiffs to the latter.

For all of these reasons, plaintiffs' motion for leave to identify a rebuttal expert (#97) is granted.  Any rebuttal expert shall be identified, and a report provided, within 28 days of the

date of this order.  Further, all expert discovery shall be completed by September 30, 2010.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge