IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT EVANS, et al., | : | |
| | : | Case No. 2:08-CV-794 |
| **Plaintiffs,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| BOARD OF EDUCATION | : | Magistrate Judge Terence Kemp |
| SOUTHWESTERN CITY SCHOOL | : | |
| DISTRICT, et al. | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter comes before the Court on Plaintiffs' Motion in Limine ("Motion"). For the reasons set forth herein, Plaintiff's Motion is **GRANTED** in part and **DENIED** in part.

**II. LAW AND ANALYSIS**

Plaintiffs, parents of two students in Southwestern School District, have brought suit against the district and two of its personnel under Title IX for alleged discrimination and retaliation against their daughters, as well as a violation of equal protection. A trial date has now been set and Plaintiffs have moved to preclude Defendants from presenting "evidence of other acts separate from the underlying incidents . . . including but not limited to:" (1) dating, hugging, and kissing other boys; (2) immature behavior at home; (3) being chased by a suspected child molester; and (4) wearing inappropriate attire, such as a low-cut blouse or shirt. Plaintiffs allege that such evidence "puts the victims of sexual harassment on trial," has low probative value, and would "mislead and confuse" the jury. It should be noted that much of Defendants' briefing

opposing this Motion argues that it is not timely because a trial date has not been set. Now that a trial date is set, consideration of the Motion is timely.

The Federal Rules of Evidence govern the admissibility of evidence in this Court, with Rules 403, 404, and 412 dispositive of this Motion. This Court analyzes the admissibility of each discrete piece of evidence once it has been specified. Thus, to the extent Plaintiffs seek to exclude any unspecified "evidence of other acts separate from the underlying incidents," the Plaintiffs' Motion is **DENIED**. The Court cannot weigh the probative value of such evidence against its prejudicial effect without knowing what the evidence is, so the Court does not categorically exclude it. As for the specific pieces of evidence the Plaintiffs' seek to exclude, the Court analyzes their admissibility herein on a case-by-case basis.

### A. Evidence of Relationships or Sexual Behaviors with Others

Federal Rule of Evidence 412 states the following types of evidence are inadmissible in a civil proceeding involving alleged sexual misconduct: "evidence offered to prove that a victim engaged in other sexual behavior; or evidence offered to prove a victim's sexual predisposition." There is an exception to the general rule if the evidence's "probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party."

The evidence of "dating, hugging, and kissing other boys" Plaintiffs move to exclude is the exact type of evidence prohibited by Rule 412. Defendants contend that this evidence should not be excluded because it bears on the "welcomeness" of the sexual advances which form the basis of this action. The parties dispute whether "welcomeness" is legally significant to the analysis of "student-on-student" sexual harassment under Title IX, but the Court need not address that issue to dispose of this Motion. Nor does the Court have occasion here to opine on whether a twelve year-old can "consent" to sexual behavior in the context of a civil suit.

Whether the victims had engaged in other sexual behavior with other partners simply has no relevance to whether they consented to or welcomed the advances in the particular instances at issue in this case. The evidence of relationships or sexual behavior with others entirely lacks probative value if presented for any purpose in the instant case. Thus, Plaintiffs' request to exclude evidence of victims "dating, hugging, and kissing other boys" is **GRANTED**.

### B.  Evidence of Inappropriate Attire

Federal Rule of Evidence 403 allows the Court to "exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Whether evidence of "inappropriate attire" is governed by Rule 403 or the more restrictive Rule 412, the result here remains the same.

Again, the Court notes that the underlying facts of this case involve allegations of sexual harassment and sexual assault. Plaintiffs move to exclude evidence of the victims "wearing inappropriate attire, such as a low-cut blouse or shirt." Whether a victim of sexual harassment wore a low-cut shirt has no bearing on whether the harassment occurred, nor does it suggest the harassment was "welcome." It would be impermissible for a jury to draw the inference that because a victim of harassment wore a low-cut shirt, or other attire subjectively deemed "inappropriate," she therefore welcomed the particular sexual advances at issue. There is substantial risk with this type of evidence of misleading the jury and confusing the issues of whether the harassment occurred and whether the Defendants took sufficient measures to prevent it, regardless of whether "welcomeness" of the advances is at issue. If there is any probative value in such evidence, it is significantly outweighed by those dangers. Thus, Plaintiffs' request

to exclude evidence of the victims "wearing inappropriate attire, such as a low-cut blouse or shirt" is **GRANTED**.

### C. Evidence of Pursuit by Suspected Child Molester

Since "being chased by a suspected child molester" can hardly be characterized as the *victim's* sexual behavior, Rule 403, rather than Rule 412, governs admissibility of that evidence. This Court can conceive of no purpose in a Title IX case for which the fact that the victim had once been pursued down a public street by a suspected child molester would have any probative value. The Court finds any suggestion to the contrary confusing in the extreme and has no doubt the jury would react similarly. Thus, the Plaintiffs' request to exclude evidence of the victims "being chased by a suspected child molester" is **GRANTED**.

### D. Evidence of Immature Behavior at Home

In the instant case, Rule 403 also governs the admissibility of the victims' "immature behavior at home." This evidence is not probative of any of the issues, or potential issues, in this action, including whether the sexual advances in question were consented to or welcome. Thus, the Plaintiffs' request to exclude evidence of the victims' "immature behavior at home" is **GRANTED**.

### III. CONCLUSION

To the extent Plaintiffs move to exclude unspecified "evidence of other acts separate from the underlying incidents or lacking high probative value about the extent of their injury," Plaintiffs' Motion is, hereby, **DENIED**. The Court's exclusion of evidence only extends to the discrete pieces of evidence identified by Plaintiffs in their Motion. Plaintiffs' request to exclude evidence of "dating, hugging, and kissing other boys; immature behavior at home; being chased

by a suspected child molester; and/or wearing inappropriate attire, such as a low-cut blouse or shirt" is, hereby, **GRANTED**.

   **IT IS SO ORDERED.**


                                             ___s/ Algenon L. Marbley_____
                                             **ALGENON L. MARBLEY**
                                             **UNITED STATES DISTRICT JUDGE**

**DATED: September 27, 2012**